AUTO SPECIALTIES MANUFACTURING CO., PETITIONER, *v.* COMMIS-SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10449, 15928. Promulgated December 1, 1927.

*Paul F. Myers, Esq.,* and *John R. Yates, Esq.,* for the petitioner.
*Granville S. Borden, Esq.,* for the respondent.

OPINION.

Trussell: The sole question to be determined in this appeal is the value of the patents owned by the petitioner on March 1, 1913. In support of petitioner's claim for value it introduced various witnesses who testified as to the superiority of the device manufactured under the petitioner's patents as compared with other devices then in existence. Two of these witnesses placed a value of some $500,000 on these patents. The first witness, Borgun, determined his value from estimated annual earnings of $149,344. The other witness, Milnor, presented a long series of curves and estimates of future probability from the year 1913 to the year 1927, inclusive, in which he estimated the probable increase of sales of open cars, the probable increase in the inhabitants of the United States, the probable increase

in sale of bow-holders, and the probable profits to be realized from the sale.

We have examined with great care the computations and estimates of future probability thus presented, but do not believe that the witnesses placed sufficient weight in the probability that the patents might become obsolete before they expired, due to the rapid improvements in the automobile industry, nor did they give sufficient weight to the competition which might arise from the sale of devices which would perform similar functions to those manufactured by the petitioner. This would result in smaller profits than those estimated by the witnesses. The record of the petitioner has shown that these estimated profits have not been realized. From the data submitted it appears that the approximate profits made by the petitioner for the years 1913 to 1920 were as follows:

| | |
|---|---|
| 1913 | 23 cents per set |
| 1914 | 32 " " " |
| 1915 | 34 " " " |
| 1916 | 20 " " " |
| 1917 | 08 " " " |
| 1918 | 13 " " " |
| 1919 | 19 " " " |
| 1920 | 28 " " " |

Subsequent events have also shown that the device during the last few years has been placed upon comparatively few vehicles, due to the large increase in the production of closed cars and various improvements or changes in open-car construction which made such a device unnecessary. We believe, also, that all of the profits realized from the manufacture and sale of this article are not entirely attributable to the patents themselves. Had the petitioner manufactured these devices without patents in competition with other concerns, it is very probable that it could have realized substantial profits therefrom. This fact was indicated in the testimony of Milnor, who stated that the profits he estimated per set were only slightly in excess of what could have been obtained with the keenest kind of competition against other patented devices. Accordingly, we are of the opinion that the value of the petitioner's patents at March 1, 1913, was $160,-000, and that such value is exhaustible over a period of 15 years from March 1, 1913.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by Smith, Love, and Littleton.